IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 24, 2013

Lyle W. Cayce
Clerk

No. 12-31123
Summary Calendar

COX, COX, FILO, CAMEL & WILSON, L.L.C.,

    Plaintiff - Appellant

v.

SASOL NORTH AMERICA, INCORPORATED; TIMOTHY WARD; JAY ARTHUR BLY; PETER MARKEY; MARY LOU SAPONE; WENDELL RICHARD DICK ROGERS,

    Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:11-CV-856

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

This case presents the question whether, under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss a claim with prejudice to the merits of that claim. We hold that it may not, and therefore VACATE and REMAND.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.

Plaintiff ("Cox") sued defendants in Louisiana State Court, alleging violations of the Louisiana Racketeering Act.[1] Defendants removed to federal court. There they moved, among other things, to dismiss Cox's suit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The district court found that Cox lacked "standing" and dismissed "with prejudice" under Rule 12(b)(1). Cox appeals.

## II.

Rules 12(b)(1) and 12(b)(6) provide distinct grounds for dismissal of a claim for relief. Rule 12(b)(6) applies when a plaintiff "fail[s] to state a claim upon which relief can be granted."[2]  Rule 12(b)(1) applies to claims over which a federal district court "lack[s] . . . subject-matter jurisdiction."[3]

Cox contends that the district court erred by dismissing *with prejudice* under Rule 12(b)(1), rather than remanding to the state court. Cox points to 28 U.S.C. § 1477(c), which provides that while "[a] motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[4]

Defendants reply in two ways. First, they claim that Cox waived this argument by failing to raise it in the district court. We disagree, because this claim of error cannot be waived. A dismissal under Rule 12(b)(1) is a dismissal for lack of subject-matter jurisdiction. "A dismissal with prejudice is a final

---

[1] LA. REV. STAT. § 15:1351 *et seq.*

[2] FED. R. CIV. P. 12(b)(6).

[3] FED. R. CIV. P. 12(b)(1).

[4] 28 U.S.C. § 1477(c).

judgment on the merits."[5] Accordingly, to dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it. Our precedent does not sanction the practice,[6] and we will not do so here.[7]

Second, defendants contend that the district court's order should be understood as holding that Cox lacked *statutory* standing—not Article III standing—and that the district court therefore did not lack subject-matter jurisdiction. They ask us to affirm under Rule 12(b)(6), arguing that Cox failed to state a claim upon which relief could be granted. This argument has some force. The district court did, of course, explain that because it found "there is no standing, there is no jurisdiction and the court will grant the Motion to Dismiss pursuant to [Rule] 12(b)(1)." We agree with defendants, however, that the court's analysis more closely tracked an inquiry into whether plaintiff stated a claim

---

[5] *Brooks v. Raymond Dugat Co.*, 336 F.3d 360, 362 (5th Cir. 2003) (citing *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985)); *see also Boudloche v. Conoco Oil Corp.*, 615 F.2d 687, 688 (5th Cir. 1980). A district court may, however, specifically dismiss with prejudice to relitigating a question of federal jurisdiction—i.e., with prejudice to relitigating a non-merits issue.

[6] Defendants argue that a removal error is waivable even when a contemporaneous objection would have prompted remand. They err by conflating "removal jurisdiction" with subject-matter jurisdiction. In the cases on which they rely, while removal was improper, the exercise of subject-matter jurisdiction was not. *See Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998); *In re Digicon Marine, Inc.*, 966 F.2d 158, 160 (5th Cir. 1992) (discussing *In re Shell Oil*, 932 F.2d 1518, 1519 (5th Cir. 1991)); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1543–46 (5th Cir. 1991).

[7] *Cf. Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 1000 (5th Cir. 2000) ("The district court properly concluded that it did not have jurisdiction but it erred in granting summary judgment and dismissing with prejudice. Since the court lacked jurisdiction over the action, it had no power to render a judgment on the merits."); *Boudloche*, 615 F.2d at 688; *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 45 (1st Cir. 2003) ("[T]he point of section 1447(c) is that a federal court does not have the authority to dismiss a claim over which it never had jurisdiction in the first instance. The merits of the . . . claim are therefore irrelevant to this determination." (quoting *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1139 n.10 (7th Cir. 1994) (internal quotation marks omitted) (alteration and omission in original)); *Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case."); *but cf. U.S. ex rel. Batiste v. SLM Corp.*, 659 F.3d 1204, 1211 (D.C. Cir. 2011) (relying on a 12(b)(6) case to find waiver).

under Louisiana's Racketeering Act—a Rule 12(b)(6) question.[8] But instead of rewriting the district court's order to affirm on the merits, we VACATE and REMAND for further proceedings not inconsistent with this opinion.[9]

---

[8] *Cf. Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 130 (2d Cir. 2003) ("We affirm the district court's dismissal of plaintiffs' RICO claims for lack of standing, but we do so under Rule 12(b)(6) for failure to state a claim rather than under Rule 12(b)(1) as the district court did.").

[9] We therefore need not address Cox's dubious argument that the district court lacked diversity jurisdiction.